# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

### OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | |
| FERNANDO WHITEHEAD,           * | |
| *                             | No. 13-63V |
| Petitioner,        * | Special Master Christian J. Moran |
| * | |
| v.                            * | Filed: March 24, 2014 |
| * | |
| SECRETARY OF HEALTH           * | Attorneys' fees and costs; award in the |
| AND HUMAN SERVICES,           * | amount to which respondent does not |
| * | object |
| Respondent.        * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | |

Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner;
Tara J. Kilfoyle, United States Department of Justice, Washington, D.C., for respondent.

### UNPUBLISHED DECISION[1]

Petitioner Fernando Whitehead filed his application for attorneys' fees and costs ("Application") on March 3, 2014. In his Application, petitioner requests a total of $20,006.22 in attorneys' fees and costs ($19,279.93 in fees and $726.29 in costs). Additionally, petitioner conveys that he incurred no personal costs in pursuing his claim.[2] On March 21, 2014, in an informal communication, respondent contacted the Court to convey that she does not oppose petitioner's Application.

Mr. Whitehead claimed that the trivalent influenza vaccine he received caused him to suffer an adverse reaction. Petition at 1. He received compensation based upon the parties' stipulation. Decision, issued Dec. 5, 2013. Because Mr. Whitehead received compensation, he is entitled to an award of attorneys' fees and costs. 42 U.S.C. § 300aa-15(e).

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

[2] In an informal communication sent on March 24, 2014, counsel for petitioner notified the Court that a General Order # 9 has not been filed because he has been unable to reach Mr. Whitehead. He added that his firm has made several attempts (five telephone calls, three e-mails, and one written letter) to contact Mr. Whitehead over the course of three weeks to no avail. He reiterated, however, that his files indicate that petitioner incurred no litigation expenses.

Mr. Whitehead seeks **$20,006.22** in attorneys' fees and costs for his counsel.  Respondent states that she has no objection to this Application for attorneys' fees and costs.

After reviewing the request, the court awards **a lump sum of $20,006.22 in the form of a check payable to petitioner's attorney, Ronald C. Homer, of the law firm Conway, Homer & Chin-Caplan, P.C.,  and petitioner, Fernando Whitehead**, for attorney's fees and costs available under 42 U.S.C. § 300aa-15(e).

The court thanks the parties for their cooperative efforts in resolving this matter.  The Clerk shall enter judgment accordingly.[3]

**IT IS SO ORDERED.**

S/ Christian J. Moran  
Christian J. Moran  
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.